(C. D. 193)

Pacific Brokerage Co. *v.* United States

United States Customs Court, Third Division

(Decided July 28, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover a certain sum of money claimed to have been assessed in excess of the amount due as customs duties upon certain fish imported from Mexico and entered at Nogales, Ariz. The fish were entered as the products of American fisheries and claimed free of duty under the provisions of paragraph 1730 (a) of the Tariff Act of 1930. Plaintiff's protest is in the following language:

Protest is hereby filed on your Re-Liquidation of March 10, 1937, covering C. E. (Free) No. 0220 of February 7, 1936.

The above cited entry covers the importation of 5,800 lbs. of fresh fish in bulk which arrived at Nogales, Arizona, by truck, on February 7, 1936, consigned to A. B. C. Davenport of Nogales, Arizona.

It is hereby claimed that this merchandise should be liquidated free as Product of American Fisheries under Paragraph 1730 of the Tariff Act of 1930.

Your attention to this protest is requested and will be greatly appreciated.

At the call of the docket a motion to amend said protest was filed. The Government attorney asked time to consider the matter but took no further action with reference thereto. The motion to amend is therefore granted. Said amendment reads as follows:

We further contend that your reliquidation was void and illegal on the following grounds: First, that under Section 514, Tariff Act of 1930, the original liquidation became final and binding on the United States, even in the case of fraud, upon the expiration of 60 days following the date of said liquidation, no protest having been filed; second, that the question involved is purely one of liquidation and not of fraud, and the original liquidation has become final and binding under said Section 514.

At the opening of the trial in this case the following proceedings were had:

Mr. GOTTFRIED. We move to consolidate protests Nos. 899032–G and 899033–G for trial.

Mr. SPECTOR. No objection.

Judge DALLINGER. They may be consolidated for trial.

Mr. GOTTFRIED. In these two protests, if your Honor please, the merchandise was entered as a product of American fisheries, under paragraph 1730, and was liquidated as entered. Thereafter, approximately a year after, in each of the cases, the collector reliquidated it, apparently under the authority of section 521 of the Tariff Act of 1930, which allowed him to reliquidate on the ground of fraud.

We contend with respect to the reliquidation that under the 1930 tariff act, in section 514, the expiration of sixty days after the liquidation makes that liquidation final and conclusive upon the parties, including the United States.

Section 521 does provide that in cases of fraud that the collector may reliquidate within two years. However, in reading section 514 there is no exception for fraud. It makes absolutely no exception of any kind, upon the expiration of the sixty-day period. Under the 1922 tariff act, the predecessor section 514 allowing the protest made the liquidation final and binding upon all persons upon the expiration of the sixty-day period in all cases excepting fraud; and then went on to provide that in the case of fraud the collector of customs could reliquidate within two

years after the liquidation; but under the changes made in the 1930 act, section 514 makes no exception of any kind, eliminating the exception in the 1922 act; we contend that this nullified section 521. It was necessary in the 1922 act to except fraud. It is equally necessary in the Tariff Act of 1930, and there being no exception, the collector acted illegally in reliquidating these entries.

Judge DALLINGER. Your contention, as a matter of law, is that section 521 is of no effect?

Mr. GOTTFRIED. That is right.

Judge DALLINGER. That is purely a question of law.

Mr. GOTTFRIED. We will move at this time that the protest be sustained on the ground that the reliquidation was a nullity and has no effect of any kind.

Judge DALLINGER. That motion will be reserved for decision by the division of the court having jurisdiction.

Mr. GOTTFRIED. We also move at this time, under the authority of *Vitelli* v. *United States*, 250 U. S. 355, reported in T. D. 38179, to sustain the protest on the ground that on a reliquidation of an entry the burden is shifted to the Government to prove the existence of fraud; that there is no presumption of fraud, and unless proof of fraud is made the importer is entitled to a verdict in his favor, and there can be no proof submitted in any particulars to the court, and there is no proof offered to prove the fraud.

Judge DALLINGER. That motion will be reserved for the decision of the division having jurisdiction.

Mr. GOTTFRIED. We also move in this case that if either of the motions previously made is sustained by the division, that the testimony hereafter to be introduced by the importer is to be disregarded. It is only introduced in the event that the two motions previously made are denied.

Mr. SPECTOR. I think the law is quite settled that if the importer elects to go ahead with his case that everything is considered in the determination of the protest. I think the Government has been beaten too often on that phase of it.

Judge DALLINGER. You may proceed with your witness.

On the question of the finality of liquidation as raised by the importer, the plaintiff herein, we call attention to the following provisions of section 514 of the Tariff Act of 1930, so far as it relates to this question, as follows:

* * * all decisions of the collector * * * and his liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation * * * be final and conclusive upon all persons * * * unless the importer * * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector * * *.

The section under which the Treasury Department acted, 521, is in the following language:

If the collector finds probable cause to believe there is fraud in the case, he may reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

It is the duty of the court to construe all parts of the statute so that they may be given force and effect if possible so to do. *United States* v. *Landram*, 118 U. S. 81, 30 L. ed. 58.

It was clearly the intention of Congress, in enacting section 514, *supra*, to provide a statute of limitation against liquidations under

ordinary circumstances. It is a statute of repose. But it is also equally clear that Congress intended to give the Government the right within the time fixed in section 521, *supra*, to reliquidate under the circumstances therein provided. In our judgment there is no conflict and both sections can be given effect.

We are of the opinion, however, that, where the Government undertakes to invoke said section 521, the burden is upon it to establish probable cause for believing that there was fraud. In the instant case there was absolutely no showing of that character. Possibly that was due to the fact that the motion to dismiss came in, in our judgment, prematurely. Apparently the importer was anxious to vindicate his transaction and so he proceeded with his hearing on the theory that he must make a showing for his protest.

The Government tendered a photostatic copy of a letter and asked the writer thereof if that was his signature, after which, and with no other testimony concerning the same, the Government attorney offered the letter in evidence. It was rejected because it was a photostatic copy. We know of no rule of evidence which renders photostatic copies, when properly identified, inadmissible. In this case the writer of the document recognized and acknowledged his signature, whereupon, if it were competent evidence to prove any issue, it should have been received. On its face it is addressed to a special agent. There was nothing produced in the record to show that it was ever before the collector or that it was ever considered by him as probable cause for believing that there was fraud. In fact, the author's testimony on the stand clearly contradicted the contents of the letter. He testified as follows:

Q. Mr. Escalente, during February 1936—February 3d and 7th, and more particularly covering a shipment of 15,000 pounds and 5,800 pounds of sea bass, which Mr. Davenport stated was caught by him or his employees, do you know whether or not this fish was caught by Mr. Davenport or his employees, or whether or not it was purchased from anybody?

Mr. GOTTFRIED. I object to the question.

Judge DALLINGER. Objection overruled.

Mr. GOTTFRIED. Exception.

A. The Cooperativa are not allowed to sell; are not permitted to employ, or pay wages to its members.

By Mr. SPECTOR:

Q. Did Mr. Davenport buy this fish from anybody or did he catch it himself?—A. He caught it.

Q. He caught the fish?—A. Yes.

Q. Did he pay anything to anybody, or did he buy any fish at all from the Cooperativa?—A. Yes; he was buying fish during November, December, January, and February.

Hence it would appear that the statements of this witness are unreliable. This illustrates the danger of accepting, if it was accepted,

an unverified letter, such as this, as the basis for setting aside a liquidation made by local officials who were in close touch with the transaction.

In the case of *F. Vitelli & Son* v. *United States*, 250 U. S. 355, 63 L. ed. 1028, the Supreme Court of the United States held (we quote from the syllabus):

1. The limitation of the right of a collector to reliquidate duties after one year from the time of entry to cases of fraud, which is made by the Act of June 22, 1874 (18 Stat. at L. 186, chap. 391, Comp. Stat. 1916, sec. 5714), sec. 21, prevents the casting upon the importer, on the hearing of an appeal to the Board of General Appraisers, of the burden of establishing that there had been no fraud, on any theory that the presumption of the correctness of official action was sufficient, without proof of fraud, to sustain the reliquidation.

In our opinion there is no proof of fraud to sustain the reliquidation in the instant case. We therefore find the original liquidation should stand as made.

Judgment will be entered accordingly. It is so ordered.