(C. D. 573)

M. M. DuPOUEY *v.* UNITED STATES·

United States Customs Court, Third Division

(Decided December 19, 1941)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain clover seed imported at the port of New Orleans. It is alleged in the protest

that the collector of customs reliquidated the entry more than 60 days after an original liquidation of the same entry and assessed more duty than was ascertained in the original liquidation and that such reliquidation was without legal authority.

No oral testimony was produced at the trial but all of the official papers transmitted to the court by the collector were offered and received in evidence. Among these papers we find a letter, dated November 15, 1938, from the Commissioner of Customs to the collector at New Orleans in which the facts are stated. That letter reads as follows:

Sir:

Reference is made to your letter of October 26, 1938 (208/302–8), relative to the liquidation of entry 2352 of December 31, 1937, made by M. M. DuPouey, customhouse broker, covering 150 bags of clover seed.

It appears that the entered weight of the seed was 32,700 pounds; that the weigher's certificate stated the net weight to be 32,833 pounds, an increase of 133 pounds; that the entry was tentatively liquidated at the entered weight and the entry stamped "Liquidated as entered"; that subsequent thereto, but prior to the forwarding of the entry to the comptroller, the error was discovered and a new statement of duties, showing increased duties due, was made; that the liquidator, after making the new statement, failed to strike out the stamped notation "Liquidated as entered"; that the comptroller verified the tentative liquidation in accordance with the new statement of duties; that the liquidating division, not observing the new statement of duties, stamped the official date of liquidation, July 19, 1938, below the notation "Liquidated as entered"; and that the entry was apparently posted "No change" on Form 4333.

You advise that the error was brought to the attention of the liquidating division on October 22, 1938, and on that date the endorsement "Liquidated as entered" was stricken out and the date "July 19, 1938," was stamped below the statement of duties. You also advise that the importer objects to the payment of the increased duties on the ground that more than 60 days have elapsed since the date of liquidation, and that she relied upon the information posted on Form 4333. You request instructions.

Article 818 (j) of the Customs Regulations of 1937, as amended by (1938) T. D. 49658, provides that the entries shall be stamped liquidated and with the date of liquidation, and that such stamping is the legal evidence of liquidation. In this case the entry appears to have been erroneously liquidated "as entered", but the liquidation has become final, unless there has been a clerical error within the meaning of section 520 (a) (3) of the Tariff Act of 1930, as more than 60 days have elapsed since the date of liquidation without the error being corrected or a protest being filed by the importer.

It would appear that the liquidation as entered was the result of a clerical error within the meaning of section 520 (a) (3) as the new statement of duties clearly indicated that increased duties were to be assessed. As the error was discovered within one year from the date of entry, authority is given you to reliquidate the entry for the correction of the error and the assessment of duty on the excess weight of 133 pounds.

At the hearing copies of certain letters were offered by the plaintiff and counsel for the defendant objected to their receipt as evidence. They were marked for identification (collector's exhibit 1, for identi-

fication) subject to the court's ruling when decision herein should be rendered. Plaintiff's attorney stated that he offered the documents "Not as a matter of evidence as to my contention, but in order to complete the record and to indicate the fact that it had been taken up prior to the filing of the protest." In view of the admission of counsel for the plaintiff that the letters are not evidence, the objection is sustained, exception being granted to counsel for the plaintiff.

The protest in this case reads as follows:

Collector of Customs,
    New Orleans.

Sir:

Protest is hereby made against your decision assessing duty on an alleged additional amount of merchandise, to wit: 133 pounds of Clover Seed covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is not subject to duties on reliquidation: That the decision of the collector and/or the decision of the Commissioner of Customs and/or the Secretary of Treasury, dated Nov. 15, 1938, ordering reliquidation is contrary to the provisions of Sections 514, 516, 520 and 521 of the Tariff Act of 1930. That the reliquidation is not authorized by law and that the original liquidation became final 60 days thereafter since no protest had been filed in that time: That the Customs Administrative Act of 1938 had no application to this entry as said entry was liquidated and became final before the said administrative Act became effective.

If said merchandise is not dutiable directly under any of the paragraphs or sections above mentioned then it is dutiable thereunder by assimilation or material of chief value under and by reason of the provisions of par. 1559, or if not dutiable as above, then at 10 or 20 per cent ad val. under par. 1558.

We agree with the claim in the protest that the Customs Administrative Act of 1938 has no application in this case because the entry herein was filed on December 31, 1937, which is prior to the enactment of that act, but, inasmuch as article 818 (j) of the Customs Regulations of 1937, as amended, mentioned in the letter of the Commissioner of Customs, is the same as article 818 (i) of the Customs Regulations of 1937 before it was amended, there is no merit in that claim in the protest.

The plaintiff contends that, under the provisions of section 514 of the Tariff Act of 1930, the collector is limited to 60 days after liquidation within which he may reliquidate an entry and it is urged that the reliquidation of November 29, 1938, is void as the original liquidation occurred on July 19, 1938. In support of this contention the plaintiff cites *John S. Phipps* v. *United States*, 22 C. C. P. A. (Customs) 595, T.D. 47601. Other decisions of the same tenor are *McKesson Wholesale Drug Co.* v. *United States*, 65 Treas. Dec. 478, T. D. 46955, and *Pacific Brokerage Co.* v. *United States*, 3 Cust. Ct. 20, C. D. 193. That contention is amply supported by the language of the provision, the pertinent parts of which are as follows:

SEC. 514. * * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons *(including the United States and any officer thereof)*, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. [*Italics ours.*]

Section 521 of the Tariff Act of 1922 contained a limitation of 1 year after entry in which the collector could reliquidate an entry, in the absence of fraud, or within 60 days after the original liquidation if the liquidation was more than 10 months after the date of entry. That provision was not reenacted in the Tariff Act of 1930 but the words "including the United States and any officer thereof" were inserted in section 514 of the act of 1930 which manifests an intention to limit the power of the collector to reliquidate an entry to within 60 days after liquidation. In explaining this change in the Tariff Bill, the Report of the Committee on Ways and Means to the Committee of the Whole House stated as follows:

Section 514 of the 1922 Act, relating to protest against collectors' decisions, provides that such decisions shall be final unless the importer, within 60 days, files a protest in writing with the collector, and, if the merchandise is entered for consumption, pays the full amount of duties, charges, and exactions ascertained to be due. Section 515 provides that upon the filing of a protest and payment of duties and other charges the collector shall within 60 days review his decision; and, if the collector upon such review affirms his decision or if a protest is filed against his modification of the decision he shall transmit the papers and exhibits to the United States Customs Court for determination. Section 521 then provides that the entry and passage free of duty and the settlement of duties shall, in the absence of fraud and in the absence of protest, be final and conclusive after the expiration of one year from the date of entry, or after the expiration of 60 days after liquidation when liquidation is more than 10 months after the date of entry.

The Court of Customs Appeals has held that while section 21 of the Act of June 22, 1874 (now sec. 521 of the 1922 Act) was a statute of limitations, the collector might reliquidate an entry downward even though the importer had not protected his legal rights by protest. It is obvious that this holding, if applicable to section 521 of the 1922 Act, in great measure nullifies the time limitation

in section 514 within which the importer must file a protest. Under the practice now prevailing, the department is authorizing refund where an entry has been reliquidated downward within a year from the date of entry in the absence of protest; but a rule was adopted that in the absence of fraud and where the customs officer had a full opportunity to reach a decision as to the correct rate of duty the entry should not be reliquidated for the purpose of collecting increased duty after the merchandise had been withdrawn from customs custody. This seemed only fair to the importer who might have sold his merchandise relying upon the collector's decision.

Your committee believes that it would be in the interest of better administration and the facilitation of the final disposition of importations if in the absence of protest or fraud final action be limited to 60 days for both the importer and the Government. Accordingly, section 514 has been amended so as to make it clear that the decision of the collector shall be final upon all persons, including the Government, after 60 days after final liquidation. This will require the repeal of section 521 except as to cases in which the collector finds probable cause to believe there is fraud, in which cases his authority to reliquidate within two years after the date of liquidation or last reliquidation is continued.

This statement seems to indicate that it was the intention of Congress to withdraw the power of the collector to reliquidate an entry more than 60 days after a valid liquidation. The same statement was considered by the court in *Edward & John Burke, Ltd.* v. *United States*, C. D. 469, but the reliquidation of the entry in that case occurred within 60 days after the original liquidation.

The defendant claims that section 520 of the Tariff Act of 1930 gives the Secretary of the Treasury the right to order a reliquidation of an entry if a clerical error is discovered in any entry or liquidation within 1 year after entry and that the Secretary had ample authority to direct the collector in this case to reliquidate because a clerical error in the original liquidation was discovered on October 22, 1938, which is within 1 year after the date of entry. The plaintiff argues that section 520 was enacted for the benefit of the importers and not the Government as it directs merely certain instances in which the Secretary of the Treasury may *refund* duties and does not authorize the Secretary to increase duties and does not change the rule contained in section 514. Section 520 reads as follows:

SEC. 520 REFUNDS BY SECRETARY OF TREASURY.

(a) AUTHORIZED.—The Secretary of the Treasury is hereby authorized to refund duties and correct errors in liquidation of entries in the following cases:

(1) EXCESS DEPOSIT.—Whenever it is ascertained on final liquidation or reliquidation of an entry that more money has been deposited or paid than was required by law to be so deposited or paid;

(2) ERRONEOUS CHARGES.—Whenever it is determined in the manner required by law that any fees, charges, or exactions, other than duties, have been erroneously collected;

(3) CLERICAL ERROR.—Whenever a clerical error is discovered in any entry or liquidation within one year after the date of entry, or within sixty

days after liquidation when liquidation is made more than ten months after the date of entry; and

(4) HOUSEHOLD GOODS.—Whenever duties have been paid on household or personal effects which by law were not subject to duty, notwithstanding a protest was not filed within the time and in the manner prescribed by law.

(b) APPROPRIATION.—The necessary moneys to make such refunds are hereby appropriated, and this appropriation shall be deemed a permanent and indefinite appropriation.

A review of the legislative history of the provision shows that section 520 of the Tariff Act of 1922 is substantially the same as the law herein involved, the only difference being that titles have been inserted in each of the subsections and the word "manifest" before the words "clerical error" in subsection (a) (3) was eliminated in the new law. The predecessor provision in the Tariff Act of 1913 (subsection Y of section III) contained different language. The part of the provision relating to clerical errors reads:

\* \* \* ; and the Secretary of the Treasury is hereby authorized to correct manifest clerical errors in any entry or liquidation *for or against* the United States at any time within one year of the date of such entry, but not afterwards: [Italics ours.]

It is noted that the words "for or against the United States" were not enacted in section 520 of either the act of 1922 or the act of 1930. The elimination of that phrase, coupled with the language of section 520 authorizing only that *refunds* might be made in certain cases, indicates that Congress did not intend by the language of section 520 to permit the Secretary of the Treasury voluntarily to correct clerical errors which would result favorably to the Government.

The provision in section 514 giving the importers the right to protest against the collector's "refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry," which was inserted in the same tariff act [1922], in which the language of section 520 was revised, seems to correlate with the provision in section 520 (a) (3), forming an orderly procedure under which the provisions are operative, that is, within the time limitation mentioned, a dissatisfied importer may make an application to the Secretary of the Treasury to correct a clerical error detrimental to his interests, and, if such application is refused or denied, he may file a protest against such refusal.

The defendant cites *Boera Bros.* v. *United States*, 64 Treas. Dec. 471, T. D. 46712, and quotes in its brief the following excerpt from that decision.

The provisions of the Tariff Act of 1922 governing the collector's authority to reliquidate are found in sections 514, 520, and 521 thereof. Construing these

sections so as to give effect to each provision therein, we find that in the absence of timely protest, no entry may be reliquidated after the expiration of the 60-day protest period, except in the instances specified in section 520 and in cases where fraud exists; that for correction of errors covered by section 520, including clerical errors, reliquidation may be made within one year from the date of entry or 60 days after liquidation when made more than 10 months after entry; and that where the collector finds probable cause to suspect fraud, he may reliquidate within two years after the date of entry or after the date of liquidation when made more than 10 months after entry. This construction is recognized in article 836 of Customs Regulations of 1931, enforcing identical provisions in the Tariff Act of 1930, although instructions to collectors were not clearly stated in the correlative regulations published as article 758, Customs Regulations of 1923, in existence on the dates of importation herein.

The record before us establishes that the reliquidations were not for the purpose of correcting a clerical error, nor for any of the other purposes provided in section 520 of the act of 1922, and no fraud is shown to have existed in the cases. Under these circumstances, no protests having been lodged against the original liquidations, they become final and conclusive at the expiration of 60 days thereafter.

Although the issue in that case is not the same as that in the case now before the court, inasmuch as section 520 was not therein involved, the language of the court is not in conflict with our ruling herein because it is not stated therein that the collector may reliquidate upward after the statutory time limit has expired. A reliquidation downward is a reliquidation and that is the only kind of a reliquidation which section 520 authorizes after the time limitation in section 514 has expired.

While it is true that the collector in his original liquidation did not collect duties on the 133 pounds of seed reported by the weigher in excess of the entered quantity, it is evident that Congress intended that an original liquidation should be final after 60 days subsequent to liquidation in order to facilitate the expeditious disposition of imports as reported in the following excerpt from the report of the Committee on Ways and Means above quoted:

Your committee believes that it would be in the interest of better administration and the facilitation of the final disposition of importations if in the absence of protest or fraud final action be limited to 60 days for both the importer and the Government. Accordingly, section 514 has been amended so as to make it clear that the decision of the collector shall be final upon all persons, including the Government, after 60 days after final liquidation.

In harmony with the rule of decision announced in *John S. Phipps* v. *United States, supra, McKesson Wholesale Drugs Co.* v. *United States, supra,* and *Pacific Brokerage Co.* v. *United States, supra,* we hold that the collector erred in reliquidating the entry in this case subsequent to 60 days after the original liquidation and that the reliquidation was void. That claim in the protest is sustained. All other claims are overruled. Judgment will be entered accordingly.