**No. 48197.**—Protests 942420–G, etc., of Olivier Straw Goods Corp. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the hemp hats in question are similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) and the hemp knotted straw hats are similar to those involved in Abstract 46497, the claim under paragraph 1504 (b) (1) was sustained as to these items.

**No. 48198.**—Protests 936473–G, etc., of John Zimmermann Co. (New York).

Opinion by TILSON, J. It was stipulated that certain of the hemp hats in question are similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) and others consist of hemp knotted straw hats similar to those involved in Abstract 46497. In accordance therewith they were held dutiable as hats of hemp or straw, not blocked or trimmed, and not bleached, dyed, colored, or stained, as claimed.

BEFORE THE THIRD DIVISION, APRIL 14, 1943

**No. 48199.**—Protests 978060–G, etc., of Durkee Famous Foods et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 48200.**—Protest 40749–K/89597 of Oscar Leistner, Inc. (Chicago).

Opinion by EKWALL, J. The merchandise was assessed as manufactures of metal, not plated, at 45 percent ad valorem under paragraph 397, Tariff Act of 1930, which is the rate claimed by the plaintiff. At the hearing it was agreed by counsel that the merchandise consists of metal calliope whistles; that the entry was liquidated on March 5, 1940, at 45 percent under paragraph 397; that the entry was reliquidated on June 15, 1940, at 70 percent under paragraph 1513; and that the reliquidation was not on account of fraud. Section 514 provides that the liquidation shall be final and conclusive against all persons after 60 days in the absence of fraud and in the absence of protest, and the court stated that this has been held to be a statute of limitations making liquidations final after the expiration of 60 days. (*McKesson* v. *United States*, T. D. 46955; *Pacific Brokerage Co.* v. *United States*, 3 Cust. Ct. 20, C. D. 193; *Phipps* v. *United States*, 22 C. C. P. A. 595, T. D. 47601.) No question of clerical error was involved. On the authority of the decisions cited it was held that the claim of the plaintiff was well founded and that the only valid liquidation was the original one. The protest was therefore sustained.