BEFORE THE THIRD DIVISION, JUNE 28, 1944

No. 49577.—Protests 63554–K, etc., of John A. Matthay (Los Angeles).

CLINE, JUDGE:   In these two suits, which were consolidated for trial, the protests are in substantially the same language.   The pertinent parts of protest 63554–K read as follows:

We respectfully protest the reliquidation of the entry quoted below, for the following reasons:
1. Items classified under par. 1811 as antiques duty free and returned under par. 412 as modern, should be properly classified as antiques par. 1811, duty free.

2. It is further claimed that reliquidation of the entry is void, in that there was no clerical error manifest in the October 29, 1940, liquidation as the entry should stand as originally liquidated.

Although the language of the protest is somewhat vague, we are of opinion that a reasonable construction of the plaintiff's claim is that some articles entered free of duty under paragraph 1811, Tariff Act of 1930, but classified by the collector under paragraph 412, should be returned free of duty under paragraph 1811, and, also, that the reliquidation is void and duty should be assessed in accordance with the computations of the original liquidation of October 29, 1940.

An examination of the record shows that the entries were liquidated by the collector on October 29, 1940, on the basis of the appraised values and were reliquidated on March 4, 1941, on the basis of the entered values, which were higher than the appraised values. The classification of the articles was not changed on the reliquidations, which occurred more than 60 days after the original liquidations.

Counsel for the defendant argues in his brief that the protests are too late insofar as the first claim therein is concerned, because they were not filed within 60 days after the original liquidations and that, inasmuch as the classification of the merchandise was not changed on the reliquidations, the plaintiff cannot now challenge the classification in the original liquidations, citing *F. W. Woolworth Co.* v. *United States*, 26 C. C. P. A. (Customs) 157, C. A. D. 10; *Dover Shipping Co., Ltd.* v. *United States*, 4 Cust. Ct. 135, C. D. 306; *Ti Hang Lung & Co.* v. *United States*, Abstract 48752. In conformity with the rulings in the decisions cited, we hold that the first claim in each protest (to the effect that the merchandise entered as artistic antiquities is free of duty under paragraph 1811) is too late, not having been made within 60 days after liquidation, and that claim in each protest is dismissed. Therefore, it' will not be necessary to review the evidence introduced relating to the antiquity of the furniture.

We hold that the second claim in each protest is well taken, citing *M. M. DuPouey* v. *United States*, 8 Cust. Ct. 6, C. D. 573; *McKesson Wholesale Drug Co.* v. *United States*, 65 Treas. Dec. 478, T. D. 46955; *Pacific Brokerage Co.* v. *United States*, 3 Cust. Ct. 20, C. D. 193; *John S. Phipps* v. *United States*, 22 C. C. P. A. (Customs) 595, T. D. 47601.

A rehearing was granted in *M. M. DuPouey* v. *United States, supra*, and the case was ultimately decided in 9 Cust. Ct. 86, C. D. 667. The facts brought out at the rehearing showed that the originial liquidation was not complete because it was not properly posted, so that which was considered by the collector to be a reliquidation, against which the protest was filed, was in fact the first legal liquidation. The statements in the first decision (8 Cust. Ct. 6, C. D. 573), with respect to the collector's power to reliquidate an entry upwards subsequent to 60 days after the first liquidation, conform with the settled law in all cases where the first liquidation was legal and complete. Those statements are relied upon by the court in this case and we deem it unnecessary to repeat them.

We hold that the reliquidations in the instant cases are void and that duty should be assessed in accordance with the first or original liquidation in each case. To that extent, the protests are sustained. Judgment will be rendered accordingly.